UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GINA CONTI, as Administratrix of THE ESTATE OF RICHARD B. FERST,<br><br>　　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>JAMES G. COX, et al.,<br><br>　　　　　　　　　　　Defendant(s). | Case No. 2:15-CV-1712 JCM (PAL)<br><br>ORDER |

Presently before the court is defendants James G. Cox, Isidro Baca, Robert Bannister, and Karen Gedney's motion to dismiss. (ECF No. 14). Plaintiff, Gina Conti, administratrix of the estate of Richard B. Ferst, filed an opposition (ECF No. 15), and defendants filed a reply (ECF No. 17).

**I. Background**

This case stems from an Eighth Amendment claim for deliberate indifference of Mr. Ferst's need for a liver transplant. Mr. Ferst suffered from multiple medical conditions upon his incarceration pending trial in 2009. The medical complications that Mr. Ferst experienced during his incarceration include: a decreased ability to fight infection, the severe enlargement of the spleen, an inability to process ammonia, malnutrition, and the accumulation of large volumes of fluid in the belly. Furthermore, on May 7, 2010, a medical physician informed Mr. Ferst that he needed a liver transplant.

On June 13, 2011, Mr. Ferst was ordered to serve a sentence of imprisonment with the Nevada Department of Corrections ("NDOC"). On October 17, 2011, Mr. Ferst submitted an inmate request form for a liver transplant. On March 3, 2012, Mr. Ferst completed a second inmate request form, acknowledging that the Northern Nevada Correction Center ("NNCC") and the

**James C. Mahan**
**U.S. District Judge**

NDOC denied his prior request. On March 4, 2012, Mr. Ferst submitted an informal grievance alleging deliberate indifference for failure to provide a liver transplant. After this date, Mr. Ferst took no further action regarding a liver transplant, and on October 5, 2013, Mr. Ferst passed away.

Plaintiff initiated the instant action on September 4, 2015. The complaint asserts a claim of deliberate indifference and requests damages to redress the premature death of Mr. Ferst. (ECM No. 1). Defendants move to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. (ECM No. 14).

**II. Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). While rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly,* 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (citation omitted).

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to

**James C. Mahan**
**U.S. District Judge**

- 2 -

relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly,* 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated,

> "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."

### III. Discussion

Plaintiff's complaint asserts a single claim for violation of the Eighth and Fourteenth Amendments to the U.S. Constitution under 42 U.S.C § 1983. Defendants move to dismiss the plaintiff's claim in its entirety

The defendants ask the court to dismiss the claim because the statute of limitations has run. The statute of limitations for a 42 U.S.C § 1983 claim (§ 1983) is determined by the forum state's personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266-68 (1985). However, federal law determines when the claim accrues. *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th. Cir. 2000). In Nevada, the statute of limitations for a personal injury action is two years and under federal law, a § 1983 claim accrues when the plaintiff knows or has reason to know of the injury. NRS 11.190(4)(e); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

The Supreme Court stated, "[t]he proper focus is upon the time of the *discriminatory* acts, not upon the time at which the consequences of the acts became most painful." *Del. State Coll v. Ricks*, 449 U.S. 250, 257 (1980). However, the "continuing violation" doctrine can extend the commencement of the statute of limitations, but only for serial or systematic violations. *Douglas v. Cal. Dept. of Youth Auth.*, 271 F.3d 812, 822 (9th. Cir. 2001). In addition, the violation must be an "independently wrongful discrete act" rather than the "delayed, but inevitable consequence" of a prior violation. *Pouncil v. Tilton*, 704 F.3d 568 (9th Cir. 2012).

James C. Mahan
U.S. District Judge

   The plaintiff claims that the actionable injury was Mr. Ferst's death, on October 5, 2013, thus placing the claim within the statute of limitations. Defendants argue that plaintiff's argument is based on the assumption that Mr. Ferst did not incur any injury from the time of the last denial of his liver transplant until the time of his death. Defendants point out that plaintiff's complaint is inconsistent with that argument because plaintiff lists several serious medical conditions that Mr. Ferst had upon his arrest in 2009, and continued to experience throughout his incarceration.

   Defendants insist that the actionable injury is the denial of the liver transplant request. Mr. Ferst admitted his knowledge of this injury by writing "NNCC medical and NDOC have denied me a liver transplant" on his second request form. (ECF No. 3).  They then argue that the claim accrued three years and six months before Plaintiff commenced the action and is outside the statute of limitations.

   Next, the defendants argue that plaintiff's claim is not entitled to the "continuing violation" doctrine because the only independent, discriminatory act alleged in the complaint is the last denial of the liver transplant. Therefore, Mr. Ferst's death is just the delayed but inevitable consequence of the original alleged deliberate indifference.

   The court finds that plaintiff does not allege serial or systematic violations, and therefore, the last alleged independent wrongful act was the second denial of the liver transplant on March 4, 2012. Under federal law, a § 1983 claim accrues as soon as the alleged discrimination subjects the plaintiff to harm. *United States* v. *Kato*, 549 U.S. 384, 388 (2007).  In the complaint, plaintiff states the denial of the liver transplant caused Mr. Ferst "pain and suffering," and refers to several specific instances of suffering.

   For example, "on May 14, 2013, Ferst was consistently vomiting and complaining of extreme abdominal pain" and on July 23, 2013, he was sent to the prison's gastroenterology unit due to his constant abdominal pain. (ECF. No. 1 at 7-8).  Therefore, the act of denial first subjected Mr. Ferst to harm on May 14, 2013, when he began to experience symptoms consistent with the cirrhosis for which he allegedly required a transplant.

   In conclusion, at the very latest, the claim accrued on May 14, 2013.  Mr. Ferst's death was just "the delayed but inevitable consequence" of the denial of the liver transplant. *Pouncil v. Tilton*,

**James C. Mahan**
**U.S. District Judge**

- 4 -

704 F.3d 568 (9th Cir. 2012). Therefore, because the complaint was filed on September 4, 2015, it is outside the two year statute of limitations, and will be dismissed.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants James G. Cox, Isidro Baca, Robert Bannister, and Karen Gedney's motion to dismiss (ECF No. 14) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff Gina Conti's, administratrix of the estate of Richard B. Ferst, complaint (ECF No. 1) be, and the same hereby is, DISMISSED without prejudice.

The clerk shall enter judgment accordingly and close the case.

DATED June 7, 2016.

_____
UNITED STATES DISTRICT JUDGE